# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Anthony Glenn James, | ) | |
|        Petitioner, | ) | Civil Action No. 1:23-cv-273-TMC |
| vs. | ) | **ORDER** |
| Kristen Graziano, Charleston County Sheriff, | ) | |
|        Respondent. | ) | |

Petitioner Anthony Glenn James ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on January 20, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On January 30, 2023, the magistrate judge issued a Proper Form Order directing Petitioner to submit various documents by February 21, 2023, to bring his case into proper form. (ECF No. 4). That order also warned Petitioner of his duty to keep the Clerk of Court informed, in writing, of any change in address. *Id.* at 2. The Proper Form Order was mailed to Petitioner at his last known address, which is the address provided when he filed his Petition less than two weeks prior (ECF No. 1-1). (ECF No. 5). However, on February 21, 2023, the Proper Form Order was returned to the court as undeliverable. (ECF No. 7). The returned envelope indicated "RTS Not Here[.]" *Id.*

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 9). The Report specifically indicated that if "Petitioner notifies the court within the time set for filing objections . . . that he wishes to continue with this case and

1

provides a current address, the Clerk is directed to vacate this Report." *Id.* at 1–2. Furthermore, Petitioner was advised of his right to file objections to the Report. *Id*. at 3. The Report was mailed to Petitioner at his last known address (ECF No. 10), and was again returned to the court as undeliverable (ECF No. 13). Petitioner has filed no objections to the Report, nor has he contacted the court in any fashion regarding this case.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). In this case, Petitioner failed to file any objections to the magistrate judge's Report and, therefore, the court need only review the Report for clear error.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also* Rule 11, Rules Governing § 2254 Cases (applying Federal

Rules of Civil Procedure to habeas cases). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

Here, the factors weigh in favor of dismissal. As Petitioner is proceeding *pro se*, he is personally responsible for his failure to update his address with the court and for failure to follow court orders. While Petitioner never received the Proper Form Order (ECF No. 4) or Report (ECF No. 9), this is due to his personal failure to apprise the court of his location, and the court has no means of contacting him concerning his case. Notably, at the time Petitioner filed this case, he was

a federal pretrial detainee. *See* (ECF No. 1 at 1). In conducting a due diligence review, the court combed Petitioner's criminal proceedings within this District to see if Petitioner was still in federal custody. See *United States v. James*, No. 2:22-cr-00191-RMG (D.S.C.). The court discovered that on February 1, 2023, the Honorable Richard M. Gergel dismissed Petitioner's criminal case with prejudice, at which point, Petitioner would have been released from federal custody. *Id.* at dkt. entry 76 (D.S.C. Feb. 1, 2023). In his instant petition, Petitioner simply requests to be released from pretrial detention. (ECF No. 1 at 7). As Petitioner is no longer in federal pretrial detention, there is no prejudice to either party by dismissal of this case, as it appears to now be moot. Furthermore, as neither the court nor the Respondent has any way to contact Petitioner regarding this case or to attempt to bring this case into proper form, sanctions less drastic than dismissal would be nonsensical.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 9), and incorporates it herein. The court finds, therefore, that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
March 22, 2023

5